```
1                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
2

3      United States of America,      ) Criminal
                                      ) No. 15-CR-096-1
4                     Plaintiff,      )
                                      ) SENTENCING
5      vs.                            )
                                      ) Washington, DC
6      Lamont Delrico Roberts,        ) November 18, 2016
                                      ) Time:  10:30 a.m.
7                     Defendant.      )
       _____
8
                    TRANSCRIPT OF SENTENCING HEARING
9                          HELD BEFORE
              THE HONORABLE JUDGE AMY BERMAN JACKSON
10                  UNITED STATES DISTRICT JUDGE
       _____
11
                       A P P E A R A N C E S
12

13     For the Plaintiff:       Nihar Ranjan Mohanty
                                U.S. ATTORNEY'S OFFICE
14                              Violent Crime and Narcotics
                                 Trafficking Section
15                              555 4th Street, NW
                                Room 4120
16                              Washington, DC 20530
                                (202) 252-7700
17                              Email:  Nihar.mohanty@usdoj.gov

18     For the Defendant:       Atiq Rahman Ahmed
                                ATIQ R. AHMED, ESQUIRE
19                              1320 19th Street, NW
                                Suite 202
20                              Washington, DC 20036
                                (202) 710-4929
21                              Email:  Aralaw@icloud.com

22     Court Reporter:          Janice E. Dickman, RMR, CRR
                                Official Court Reporter
23                              United States Courthouse, Room 6523
                                333 Constitution Avenue, NW
24                              Washington, DC  20001
                                202-354-3267
25
```

1          THE COURTROOM DEPUTY:  Your Honor, calling criminal

2     case number 15-96-1, the United States of America v. Lamont

3     Delrico Roberts.  The defendant is present in the courtroom.

4          Will counsel for the parties please approach the

5     lectern, identify yourself for the record?

6          MR. MOHANTY:  Good morning, Your Honor.  Nihar

7     Mohanty for the United States.

8          THE COURT:  All right.  Good morning.

9          MR. AHMED:  Good morning, Your Honor.  Atiq Ahmed

10    for the defendant; he is present.

11         THE COURT:  All right.  We are here for his

12    sentencing.  Mr. Ahmed, the final presentence report was

13    filed on October 14, 2016.  Have both you and Mr. Roberts

14    had a chance to read the presentence report?

15         MR. AHMED:  Yes, Your Honor, we have.

16         THE COURT:  And I take it right now there aren't

17    any unresolved factual objections that I need to take up?

18         MR. AHMED:  That is correct, Your Honor.

19         THE COURT:  And there aren't any legal disputes to

20    be resolved concerning the presentence report either, are

21    there?

22         MR. AHMED:  No, Your Honor.

23         THE COURT:  So with that, I'm going to adopt the

24    presentence report as undisputed and its findings of fact

25    for sentencing.  I've received several additional materials

1    concerning the defendant, including the government's

2    memorandum in aid of sentencing, and I received the

3    defendant's memorandum in aid of sentencing, which had

4    attached to it a letter from his mother Colleen Mayfield,

5    which I've read, and a letter from a youth organization

6    which welcomed his participation in their athletic programs

7    in the future.  So I have all those materials before me.

8            All right.  Mr. Ahmed, is there something you

9    wanted to tell me?

10           MR. AHMED:  Your Honor, very briefly.  I had

11   actually gone over to the D.C. jail yesterday to talk to my

12   client, and I was advised that he was in court, apparently

13   his other case was still going on.  Could I have perhaps a

14   15-second indulgence from the Court?

15           THE COURT:  You can have as much time as you need,

16   if you need to chat with him.  I mean, one thing I would

17   like to know is whether the case in Superior Court has been

18   completed.  And, I mean, if you need to take a few minutes,

19   you need me to leave the bench --

20           MR. AHMED:  No, no.

21           THE COURT:  -- or, otherwise, you can go chat with

22   him.  He certainly looks like he wants to talk to you.

23           MR. AHMED:  Yes, very briefly, Your Honor.  Thank

24   you.

25           THE COURT:  All right.  Go ahead.

1          (Pause.)

2          MR. AHMED:  Thank you, Your Honor.

3          THE COURT:  All right.  In a criminal case, Mr.

4    Roberts, there's a statute that tells me how I'm supposed to

5    go about deciding what the sentence should be.  He doesn't

6    need to stand up for this.  I'm going to be talking for a

7    while.  It's 18 U.S. Code § 3553, it lists a number of

8    factors, and the advisory Sentencing Guidelines are one of

9    the factors that I have to consider in determining what the

10   appropriate sentence is for you.

11          I'm required to calculate what the guidelines

12   would recommend in every case, and so I'm going to begin

13   with that calculation under the guidelines, but I note that

14   that's only part of what I'm going to talk about today.

15          THE DEFENDANT:  Okay.

16          THE COURT:  And in this case, the first thing that

17   we have to deal with -- and I know you know this because we

18   talked about it at the time that you pled guilty -- is that

19   you pled guilty to a crime that requires me to sentence you

20   to no less than five years.  You were convicted of -- you

21   pled guilty to conspiracy to distribute 28 grams or more of

22   cocaine base, in violation of 21 U.S. Code § 841(a)(1) and

23   (b)(1)(B)(iii).  And under the guidelines, which sets

24   various levels for each crime, that can go up or down based

25   on different factors, and then the range of sentence that

1    they would recommend for each level can go up or down

2    depending on your criminal history.  You were at a base

3    offense level of 30 because the amount of cocaine which you

4    admitted was 550 grams that was involved.  You get reduced

5    three levels because you pled guilty and accepted your

6    responsibility in this case.  And that brings you to a level

7    30 -- I'm sorry, a level 27.

8           Your criminal history category was calculated by

9    the probation office and you haven't objected to that

10   calculation as III.  You got two points for a conviction

11   arising out of when you didn't pay for the SUV.  One point

12   for the threats and destruction of property conviction, and

13   two for being on release already to a court when you

14   committed the offense in this case.  So that gave you five

15   points, which puts you in category III.

16          Looking at the guidelines then, the range that is

17   recommended to me by the Sentencing Guidelines Commission

18   would be 87 to 108 months for your sentence.  If you'd been

19   in criminal history category II, it would be 78 to 97

20   months.  But that's what the guidelines say.  Now I have to

21   figure out what I'm going to do.  And so, everybody is going

22   to have a chance to speak, and I'll start with Mr. Mohanty.

23          Would you like an opportunity to speak it me

24   concerning the appropriate sentence in this case?

25          MR. MOHANTY:  Your Honor, I'll be brief because I

1    know the Court has read our memo in this case.

2         I would start out by saying, though, I don't ask

3    for a particular sentence just because that's in the

4    guideline.  In this case we agreed to ask for the low end,

5    which is 87 months.  But that is the sentence that I think

6    is appropriate in this case.  If I thought a variance was

7    appropriate, as in Mr. Johnson's case, I would have let the

8    Court know that.

9         But, very briefly, he sold 550 grams of cocaine

10   base over nine months.  He was on release when he did that

11   and he committed another offense on release in this case.

12   And in fact, Your Honor, he was found guilty yesterday in

13   the Superior Court case of stalking, three counts of felony

14   threats, simple assault, and five counts of unlawful

15   publication of -- I'm not sure what the term is, but

16   sensitive material.

17        By my rough calculation, assuming he got a

18   sentence of 13 months in that case, which he said -- he's

19   scheduled to be sentenced on February 1st, 2017.  His

20   guideline range, he would then be a category IV defendant,

21   and his range would be 100 to 125 months.

22        Mr. Roberts has simply shown a disrespect for the

23   law for a long period of time.  And I'm well aware that 87

24   months is a substantial sentence, Your Honor.  Frankly, in

25   this case that's the sentence that the government thinks is

1    appropriate.  Thank you.

2              THE COURT:  All right.  Thank you.

3              Mr. Ahmed, would you like an opportunity to speak?

4              And, Mr. Roberts, you're going to get a chance to

5    speak, but the next person is Mr. Ahmed, and then you.

6              THE DEFENDANT:  Okay.

7              THE COURT:  All right.

8              MR. AHMED:  Thank you, Your Honor.  Your Honor, we

9    will respectfully seek a sentence of 60 months, as I stated

10   in the memorandum I filed with the Court.  His mother has

11   filed a letter which is attached to the memorandum, it shows

12   him to be a family man.  He also contributes to the

13   community with respect to teaching different sports

14   activities to the young men and women in our community.  And

15   Mr. Cobbs has filed a letter, which is also attached to the

16   memorandum, explaining he's welcome to come back and

17   continue with his services to the community.

18              With apologies, Your Honor, I do want to note that

19   there is a young man present in the courtroom who wants to

20   speak.  I was not aware of it until I met him earlier.  He

21   indicates -- in this case I had arranged for my investigator

22   to collect all letters that were sent to and in favor of Mr.

23   Lamont at his sentencing.  This gentleman tells me that he

24   has sent two letters to family members of Mr. Roberts, and I

25   not received them, otherwise they would be attached to my

1    memorandum.

2           I know it is not Your Honor's policy to have

3    surprise witnesses show up at sentencing.  However, I will

4    respectfully seek leave from Court to allow this young man

5    to take a stand in favor of saying whatever he wants to say

6    about Mr. Roberts.

7           THE COURT:  Who is it?  Is this a relative?  Who

8    is the young man who's here?

9           MR. AHMED:  Your Honor, this gentleman -- with the

10   Court's indulgence.  This gentleman, I believe, is employed

11   by D.C. city council.  His name is Mr. Trayon White.  He

12   indicates he has sent two letters to family members of Mr.

13   Roberts to be forwarded to me.  I just have not received them.

14          THE COURT:  All right.  If Mr. White would like to

15   come to the lectern and tell me what he put in the letters,

16   I will hear it.

17          MR. AHMED:  Yes, Your Honor.  Thank you.

18          THE COURT:  As you know, I usually prefer to

19   receive things by letter, and the reason I do that is so

20   that I have the time to read them and think about them and

21   take them into consideration.  So if there's something he

22   wants to say, I don't want to not have it in the record.

23          So, Mr. White, you can come forward.  Come up to

24   the lectern and tell us who you are and how you know the

25   defendant and what it is that you would like me to know

```
 1    about him.

 2              MR. AHMED:  Thank you, Your Honor.

 3              MR. WHITE:  Good morning.

 4              THE COURT:  Good morning.

 5              MR. WHITE:  My name is Trayon White.  I'm the

 6    Counselman Elect for Ward 8, Washington, D.C.  I ran a

 7    nonprofit organization in D.C. for a number of years called

 8    Helping Inner City Kids Succeed, in which we use people in

 9    the community to be advocates for young men and young ladies

10    as a diversion program, to get them off the streets and

11    doing something productive.

12              Mr. Roberts participated in that program for a

13    number of years as a mentor for some of the young men in the

14    community, and also served as one of the liaisons and

15    football coaches in the community.  While I do not dismiss

16    the charges that he's been accused of here, I want to say

17    from a community standpoint he has been an asset to the

18    community, assuring that we redirect young men who are

19    hardest to reach in the community to doing something

20    positive.  And as a result, I felt to put a pause in my

21    schedule to come down, when he said you didn't get my letters,

22    to ensure that I speak on his behalf of over the years.

23              And I've been doing this for, probably, about

24    eight years consistently.  I just ran for office and won.

25    But I say that Mr. Roberts has been a consistent voice in
```

1    trying to give back, advocate for young men in the community.

2              THE COURT:  All right.  I appreciate that.  And

3    I'll take that into consideration.  Thank you for taking the

4    time to come down here.

5              MR. WHITE:  Yep.  Thank you.

6              MR. AHMED:  Thank you, sir.  Thank you, Your Honor.

7              Your Honor, in conclusion, I will say -- request

8    the Court to regard this case, as well as the case that was

9    recently decided by a jury in the Superior Court, as

10   aberrations.  And Mr. Roberts, I believe, will come up in a

11   minute and explain that to Your Honor.  Your Honor, and we

12   will simply seek 60 months from Your Honor.  Thank you.

13             THE COURT:  All right.  Mr. Roberts, is there

14   anything you would like to say before I impose sentence in

15   this case?  You can come up with your lawyer to the lectern.

16             THE DEFENDANT:  I know I was wrong for doing what

17   I did.  I apologize to the Courts.  I let a lot of people

18   down; my fiancee, the kids I coach.  I'm 46 years old, I

19   promise you if you give me lighter sentence, I'll never come

20   back in front of you again.

21             THE COURT:  All right.  Well, you understand that

22   there's an extent to which it can't be any lighter than a

23   certain amount, you know that?

24             THE DEFENDANT:  Yes, I know.  The other case I'm

25   appealing because we didn't have no chance to --

1      (Off-the-record discussion between Attorney Ahmed

2   and defendant.)

3           THE DEFENDANT:  Okay.  I just want to -- I

4   apologize.  I got kids I coach, I got grandkids.  I was wrong.

5           THE COURT:  It's time to turn your life around.

6           THE DEFENDANT:  I see kids I coached over at the

7   jail, and they're hurt.

8           THE COURT:  All right.  All right.  Why don't you

9   stay here because now I'm going to talk about the sentence

10  for a bit.

11          As I said at the beginning, there's a law that

12  tells the judges what they're supposed to think about when

13  they sentence someone.  It's got a number of factors and I'm

14  going to take some time and go through each one because I

15  think they're all really important.

16          The first thing I'm supposed to think about when I

17  figure out what your sentence should be is the nature and

18  circumstances of the offense.  And that just means what did

19  you do?  What are you charged with?  And in this case you're

20  charged with selling crack.  There were nine buys in this

21  case, you sold 550 grams of crack.

22          Now, I realize that different people buy different

23  amounts at different times, but that's roughly enough for

24  500 people to buy it and use it.  And as you know from

25  people in the community, it is highly addictive, it can ruin

1   their lives, it can ruin their families' lives and it can

2   kill people.  And so you weren't doing anything good for

3   anybody and you weren't even really -- it wasn't like you

4   were an addict supporting your own habit, I don't think

5   that's been an issue with you.  This was your means of

6   financial support.

7          You were selling poison on the street while you're

8   also trying to be a leader and a mentor to the boys in the

9   community.  This is not being a leader and a mentor to the

10  boys in the community.  And I realize that I've gotten

11  letters from people in your family saying it's an aberration

12  and it's a change, but if you go all the way back, there

13  have been arrests for drug-related offenses all the way back

14  since you were a kid.  So, unfortunately, it's not an

15  aberration.

16         The next thing I'm supposed to look at is the

17  history and characteristics of the defendant.  And this is a

18  mixed picture.  I'm going to start with the bad side of the

19  picture, which is that you have a significant history of

20  involvement with the criminal justice system, beginning when

21  you were a teenager and it hasn't stopped.  Some of it, you

22  know, isn't that significant, it's traffic stuff and

23  unauthorized use of cars.  There's some gun possession

24  involved, but there hasn't been the kind of gun violence

25  that can be associated with drugs.  I don't think that's --

1     that's not been who you are.

2            But, one thing that I cannot overlook when I look

3     at your history and characteristics and one thing that leaps

4     out from the presentence report in a way that I have never

5     seen in any presentence report I've ever read when I was a

6     prosecutor, a defense attorney, or now as a judge, is the

7     pattern of violence towards women that --

8            THE DEFENDANT:  (Shakes head.)

9            THE COURT:  Don't start.  -- that appears in the

10    presentence report.  It is not why you are before me, but I

11    can't ignore it.  I understand that any single incident can

12    be misunderstood, that any -- this conviction or that

13    conviction could be based on something that really isn't

14    true or somebody filed a CPO and she really didn't have a

15    good basis to.  But we have multiple protective orders filed

16    by five women.

17           This is not an aberration, this is not a

18    misunderstanding.  This is what you call a pattern.  And

19    your background doesn't explain it.  You weren't someone who

20    grew up with abuse around you.  I think you have an anger

21    management problem.  But it is a land mine.  You are a

22    serious offense, a murder waiting to happen if you don't

23    take strong steps to manage your behavior.  And you're going

24    to have some time to do it.  If you're in a facility that

25    has anger management classes or anything like it, you should

1        take every single one.

2                Now, I want to say that that's not the only thing

3        I know about you.  It is not entirely a negative picture.

4        Even one of those women supported you in the communications

5        with the presentence report writer and talked about what you

6        do with helping her take care of her kids.  You've made

7        efforts to support your other children over the years.  You

8        have a record of working with youth that is real.  But when

9        you talk about setting an example, you have to set an

10       example and it has to be consistent.

11               You have the capacity to be compassionate.  You

12       have been invaluable to your family in helping to care for

13       your father.  I think that's who you are.  But if that is

14       who you are, it also has to come out in what you do.  And

15       your actions have to start mirroring up to the person inside

16       that you want to be.

17               I'm also supposed to consider when I sentence

18       someone what the purpose of a sentence is.  I'm supposed to

19       reflect the seriousness of the offense.  I'm supposed to

20       punish somebody who's done something wrong.  I'm supposed to

21       deter you and other people from doing similar things.  I'm

22       supposed to protect the public for you -- from you.  And I'm

23       supposed to think about whatever educational or vocational

24       or other kind of training or treatment you need.  And all

25       that points in different directions here.

1          Finally, the other thing I'm supposed to think

2     about is the law says I'm supposed to avoid unwarranted

3     sentencing disparities among defendants with similar records

4     who have been found guilty of similar conduct.  What does

5     that mean?  That means I'm supposed to treat you fairly,

6     like I would treat other people.  Your sentence shouldn't be

7     sorter than people that did the same thing as you, and it

8     shouldn't be longer than other people who did the same thing

9     as you.

10          So I am concerned, when I look at the criminal

11    history score, that given what he's actually been convicted

12    of and when those convictions took place, that the III score

13    somewhat overstates his criminal history record and inflates

14    the guideline range more than I think is appropriate for

15    this defendant.

16          I also think that since I'm required to impose a

17    sentence that's sufficient but not greater than necessary,

18    that when you look back, this isn't someone who's ever

19    actually had a significant period of incarceration before,

20    or any serious attempts to help him out when he got out.

21    And so I think that's a factor also that I have to think

22    about in terms of the length of a period of incarceration in

23    this case.

24          So, in considering all the factors, the sentence

25    that I'm going to impose is as follows:  It's the judgment

1   of the Court that you, Lamont Delrico Roberts, are hereby

2   committed to the custody of the Bureau of Prisons for a term

3   of 72 months on Count 9, with credit for the time you've

4   already served.  You're further sentenced to serve 48 months

5   of supervised release and to pay a $100 special assessment.

6          I would recommend, since you've talked about your

7   marijuana addiction and you're prepared to do some substance

8   abuse service, that you be sent to a facility that has the

9   RDAP program.  But I'm going to tell you that I don't know

10  that you're going to be able to establish to the Bureau of

11  Prisons' satisfaction that you had a substance abuse problem

12  that's verifiable in the year before your arrest.  If you

13  have some other evidence of that, you want to make sure that

14  the probation department gets it.  I would love to see you

15  in it because it's an effective behavior modification

16  program and you need one.

17         I also will recommend that you be sentenced as

18  close as possible to your home so that your family members

19  can visit you.

20         I find that you don't have the ability to pay a

21  fine and, therefore, I waive the imposition of a fine in

22  this case.

23         The special assessment is immediately payable to

24  the Clerk of the Court for the U.S. District Court.  If you

25  haven't paid it while you're incarcerated, when you get out,

1    within 30 days of any change of your address you have to

2    notify the Clerk of that change.

3              Within 72 hours of your release from custody you

4    shall report in person to the probation office in the

5    district to which you are released.

6              While you are on supervision you shall submit to

7    the collection of DNA.

8              You shall not possess a firearm or other dangerous

9    weapon.  You shall not use or possess an illegal controlled

10   substance.  And this is a standard condition, but for you

11   it's important:  You shall not commit another federal, state

12   or local crime, and that includes assault.  So you hit

13   somebody while you're on supervised release, you're going to

14   be violating my conditions of release and you're not going

15   to just be in trouble in Superior Court, you're going to be

16   in trouble over here.

17             You shall also abide by the special conditions of

18   supervision adopted by the U.S. probation office, as well as

19   the following special conditions:  You shall participate in

20   an educational or vocational skills training program as

21   approved and directed by the probation office.  You shall

22   submit to substance abuse testing as approved and directed

23   by the probation office, and that should include marijuana,

24   since that seems to be his drug of choice.

25             You shall participate in a mental health

1   assessment and counseling as directed by the probation

2   office, and you must participate in and successfully

3   complete an anger management program.  That's going to be a

4   condition of your release.

5          I'm going to ask the probation office to release

6   the presentence report to all appropriate agencies in order

7   to execute the sentence of the Court.  Treatment agencies

8   shall return the presentence report to the probation office

9   upon the completion or termination of any treatment.

10          Pursuant to Rule 32.2(a) of the Federal Rules of

11   Criminal Procedure you're ordered to forfeit a money

12   judgment for a sum of money equal to $3,600.

13          Mr. Roberts, you have the right to appeal the

14   sentence imposed by this Court.  I believe in this case only

15   if it exceeded the statutory maximum or the guideline range

16   for your case, which it doesn't.  But I want to tell you

17   anyway, you have the right to appeal.  If you choose to

18   appeal, you have to file it within 14 days after the Court

19   enters judgment.  And if you're unable to afford the cost of

20   appeal, you may request permission from the Court to file an

21   appeal without cost to you.

22          He pled to an information, I believe, so do we need

23   to -- or, did he just plead to one count in the indictment?

24          MR. MOHANTY:  Pled to one count in the indictment.

25          THE COURTROOM DEPUTY:  Pled to Count 9 of a

1    superseding indictment.

2            MR. MOHANTY:  Yes, Your Honor.  We would move to

3    dismiss the remaining courts in the indictment at this time.

4            THE COURT:  The motion is granted.

5            Is there anything further that I need to take up

6    right now, Mr. Mohanty?

7            MR. MOHANTY:  No, Your Honor.

8            THE COURT:  Anything further, Mr Ahmed?

9            MR. AHMED:  No, Your Honor.

10            THE COURT:  Mr. Roberts, if you want to say

11    something to me, why don't you tell him first, what you want

12    to say.

13            THE DEFENDANT:  Can I say something to my fiancee

14    for three minutes?  She's back there.

15            THE COURT:  You can't go back there and speak to

16    fiancee, I'm sorry.  But, I mean, you can turn and speak to

17    her right here with the marshal behind you.

18            THE DEFENDANT:  You okay?

19            UNIDENTIFIED FEMALE:  (Nods head.)

20            THE COURT:  All right.  You have people who care

21    about you, Mr. Roberts.  People stand in front of me

22    sometimes, they got nobody.  You don't have nobody.  You

23    have your mom, you have her, you have this gentleman who is

24    of no relation to you who showed up here to support you.

25    All of that could bode well for your success, but in the end

1    there's only one person who's responsible for whether you're

2    going to succeed in the future or not, and you know who that

3    is; it's you.  So it's on you now.

4             MR. AHMED:  Thank you, Your Honor.

5             THE COURT:  All right.  Thank you.

6                   *   *   *

1                    CERTIFICATE OF OFFICIAL COURT REPORTER

2

3

4            I, JANICE DICKMAN, do hereby certify that the above

5       and foregoing constitutes a true and accurate transcript of

6       my stenograph notes and is a full, true and complete

7       transcript of the proceedings to the best of my ability.

8                         Dated this 4th day of April, 2017.

9

10

11                         /s/_____

12                         Janice E. Dickman, CRR, RMR
                           Official Court Reporter
13                         Room 6523
                           333 Constitution Avenue NW
14                         Washington, D.C. 20001

15

16

17

18

19

20

21

22

23

24

25